HOBSON, Justice.
This appeal is from a judgment of the circuit court affirming, with exceptions not relevant here, the judgment of the county judge’s court granting dower to appellant widow, Elizabeth Payne.
The record shows the following facts: Clifford Payne, now deceased, on April 1, 1949 sold his entire 55% interest in an insurance partnership to his former partners, Garrison, Younger and Sheftall. The agreement required each purchaser to make a cash down payment for his share and to pay the balance in monthly installments. In the same agreement, the decedent acknowledged that he was indebted in the amount of $12,500 to the new partnership formed by the three purchasers. He agreed that during his lifetime he would pay the new partnership $100 per month until the debt was satisfied, and in the event of his death before the debt was paid decedent agreed that the unpaid balance of his debt would be immediately due and payable and would be secured by a lien in the nature of a “charge or offset” against all sums due decedent from the three purchasers individually. Decedent’s wife was not a party to this contract and did not assent to it or participate therein. Decedent died testate on April 11, 1951, and his widow elected to take dower. At the time of his death decedent’s debt to the new partnership was $10,309.95. The balance due the decedent from the three partners was, in the aggregate, the sum of $23,850. The partners filed a claim for the balance due the partnership from the decedent at his death. The widow petitioned for dower, claiming that her dower in the contract entitled her to receive one third of the gross amount of $23,850 due decedent at his death. The partners filed objections to the widow’s petition, claiming that the widow’s dower was only one third of the net amount due after deducting the amount to be offset. The county judge agreed with the position of these creditors and held that dower in the contract consisted only of one third of the net value “after first deducting from the gross value the valid offsets and specific liens according to the provisions of the contract.” This is the relevant portion of the order affirmed by the circuit court.
Appellant contends that it was error to base her dower upon the net rather than the gross value of the contract, and that this result was contrary to our holding in Murphy v. Murphy, 125 Fla. 855, 170 So. 856. In the Murphy case the testator, without his wife’s consent, had mortgaged a yacht to a corporation as security for a debt to such corporation. We held that the consideration brought from the sale of the yacht after the testator’s death was an asset in which the widow had a dowable interest,, while the liability for the indebtedness secured by the mortgage fell entirely upon the decedent’s estate. This conclusion was reached because of the language of Sec. 5494, C.G.L.1927, then in effect, that dower “shall be free from all liability for the debts *111 of the decedent.” Explaining the effect of this language, we stated:
“It will be observed that the statute does not say ‘free from all debts of the decedent,’ but ‘free from all liability for the debts of the decedent.’ In fine, the statute is an exemption statute in this particular and exempts the widow’s share of her deceased husband’s estate from certain burdens that would otherwise attach, but for such statutory exemption, * * 170 So. at page 869.
The dower statute has been amended several times since the Murphy case was decided. The statute now before us is F.S. § 731.34, as amended by Chapter 22847, Laws of Florida 1945, F.S.A. This statute contains substantially the same pertinent language as Sec. 5494, C.G.L.1927, supra, i. e., that the widow shall take dower free from liability for the debts of the decedent. We conclude that the Murphy case is controlling here, and that the “lien” created by the agreement, in which appellant did not participate, was ineffective to defeat the statutory exemption which was an important part of her right of dower.
Appellees urge that the result reached below finds support in the case of Henderson v. Usher, 125 Fla. 709, 170 So. 846, which was decided almost simultaneously with the Murphy case, and under the same statute. In the Henderson case the testator had left securities bought on margin subject to the broker’s claim for advances, interest and commissions, with the right in the broker to sell the stock if the margin became insufficient. The broker actually held the securities pending full payment of all amounts due him. The transaction was thus a pledge, with the broker in possession as pledgee. Sec. 5503, C.G.L.1927, provided for dower in the widow in personalty “of which her husband died possessed”. We held that under this plain statutory language, the testator could not be said to have been “possessed” of the securities, and that, therefore, dower did not cover them. The statutory language which controlled the Henderson case, however, has now been materially amended. F.S. § 731.34, as amended by Chapter 22847, Laws of Florida 1945, F.S.A., provides that the wife’s dowable estate shall consist of “one-third part absolutely of the personal property owned, by her husband at the time of his death * * [Emphasis added.] Appellees argue that there is no substantial difference between ownership and possession in this context. We do not agree. The decedent in the Henderson case had, it is true, a limited ownership in the stock certificates which were there involved, but possession of these certificates was in the broker, as pledgee, and the result reached in the case was made inevitable from the use of the word “possessed” in the statute and because of the tangible, negotiable character of stock certificates. The same principles cannot be applied to the instant case because of the language of the present exemption statute and the nature of the property here involved.
It follows that that portion of the judgment appealed from must be, and it is hereby, reversed, and the cause remanded for further proceedings not inconsistent herewith.
DREW, C. J., and THOMAS and THORNAL, JJ., concur.